STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JARED S. BUSZIN (NYBN 5285838)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7199
FAX: (415) 436-7234
Jared.Buszin@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK DAVID ANDERSON<br><br>Defendant. | No. 3:21-mj-70587 MAG<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF PRELIMINARY HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Jared Buszin, and defendant Mark David Anderson ("Defendant"), by and through his counsel of record, Daniel Blank, hereby stipulate as follows:

      1.    On April 8, 2021, the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, issued a Criminal Complaint charging Defendant with Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d).

      2.    On April 12, 2021, Defendant made his initial appearance before the Honorable Jacqueline Scott Corley, U.S. Magistrate Judge, and was arraigned on the Criminal Complaint.

3. In advance of July 27, 2022, the last calling of this case, the parties requested a continuance to August 23, 2022 in order to further their pre-indictment negotiations after receiving a psychological report concerning Defendant. *See* Dkt. 46 and Dkt. 47.

4. The parties are still considering the psychological report and are engaged in discussions regarding a potential pre-indictment resolution. The parties are therefore asking for more time to continue those discussions.

5. The parties believe that failure to grant the continuance would deny Defendant and his counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties are requesting a new preliminary hearing or arraignment date of September 20, 2022.

6. Defense counsel represents that his client understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offense alleged in the pending criminal complaint and that his client knowingly and voluntarily waives that right and agrees to continue to exclude the time to be charged by indictment and agrees to set a status in this matter on September 20, 2022. Defense counsel further represents that his client knowingly and voluntarily waives the timing for preliminary hearing under Federal Rule of Criminal Procedure 5.1 through September 20, 2022.

7. For purposes of computing the date under Rule 5.1 of the Federal Rules of Criminal Procedure for preliminary hearing, and the date under the Speedy Trial Act by which defendants must be charged by indictment or information, the parties agree that the time period of August 23, 2022 to September 20, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at Defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and Defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

**IT IS SO STIPULATED.**

DATED: August 18, 2022                    Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Jared Buszin*
JARED S. BUSZIN
Assistant United States Attorney

DATED: August 18, 2022

*/s/ Daniel Blank*
DANIEL BLANK
Federal Public Defender
Attorney for Defendant

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Preliminary Hearing Date and (2) Findings of Excludable Time Period, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, as well as to waive the timing for preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for preliminary hearing or arraignment on information or indictment in this matter currently scheduled for August 23, 2022 is continued to September 20, 2022. The time period of August 23, 2022, to September 20, 2022, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

DATE

HONORABLE SALLIE KIM
United States Magistrate Judge